IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, | Cause No. CR 15-36-GF-BMM |
| | CV 16-96-GF-BMM |
| Plaintiff/Respondent, | |
| vs. | ORDER DENYING §2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |
| JASON DANIEL WALKER, | |
| Defendant/Movant. | |

On August 30, 2016, Defendant Walker moved the Court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Walker is a federal prisoner proceeding pro se.

In reviewing the motion, the Court has refreshed its memory by consulting the rough transcript of Walker's sentencing hearing. Pursuant to 28 U.S.C. § 753(f), the United States will be required to order the transcript for the Court's file and for Walker.

On March 17, 2016, Defendant Walker was sentenced to serve 16 months in prison, to be followed by a two-year term of supervised release. On August 15, 2016, he moved to clarify the conditions of his supervised release. Mot. to Clarify (Doc. 36). The motion was denied on August 17, 2016. Order (Doc. 37).

In the motion to clarify his supervised release conditions, Walker explained

1

that he was not accepted for placement at any halfway house and so will be required to live at a homeless shelter in Great Falls to attend an approved drug-treatment program when he is released from prison. He believed he would be more likely to avoid reoffending if he were permitted instead to go to Lewistown, Montana, where he has family and would have a job. *See* Mot. to Clarify at 1-2.

Walker now alleges that his trial counsel provided ineffective assistance because he should have known that an outstanding Washington arrest warrant would prevent Walker from being admitted to halfway houses. Walker also alleges that competent counsel either would have requested a longer federal sentence so that Walker could complete a treatment program in prison, or would have resolved the warrant by contacting the prosecutor and working out a guilty plea and a state sentence concurrent to the federal sentence. Mot. § 2255 (Doc. 38) at 1-2.

*Strickland v. Washington*, 466 U.S. 668 (1984), governs claims of ineffective assistance of counsel. At this stage of the proceedings, Walker must allege facts sufficient to support an inference (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 687-688, 694.

At sentencing, counsel stated that he unsuccessfully had attempted to resolve the Washington warrant. Defense counsel cannot compel prosecutors to negotiate

2

pleas or respond to inquiries. In addition, "a court may not impose or lengthen a prison sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation." *Tapia v. United States*, 564 U.S. 319, 335 (2011). And, even if Walker's sentence had been sufficiently long to qualify him for a treatment program, that would be no guarantee the facility where he happened to be placed would offer a suitable program, or, if the program were offered, that space in it would be available for Walker. In light of the record of the case, Walker's allegations do not support either an inference that counsel's performance was deficient or that he was prejudiced as a result.

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Walker's allegations meet neither prong of the *Strickland* test. He does not make the required showing. A COA is not warranted.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Pursuant to 28 U.S.C. § 753(f), the Court CERTIFIES that the transcript of the sentencing hearing held on March 16, 2016, is required to decide the issue presented by Walker.

2. The United States shall immediately order the sentencing transcript for

the Court's file and shall deliver a copy to Jason Daniel Walker BOP # 35872-086, FCI Sandstone, Federal Correctional Institution, P.O. Box 1000, Sandstone, MN 55072.

3. Walker's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 38) is DENIED;

4. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Walker files a Notice of Appeal;

5. The Clerk of Court shall ensure that all pending motions in this case and in CV 16-96-GF-BMM are terminated and shall close the civil file by entering judgment in favor of the United States and against Walker.

DATED this 12th day of September, 2016.

_____
Brian Morris
United States District Court Judge